**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TUERE BARNES,** | : | CIVIL NO. 1:14-CV-1437 |
| | : | |
| **Plaintiff,** | : | (Chief Judge Conner) |
| | : | |
| v. | : | (Magistrate Judge Carlson) |
| | : | |
| | : | |
| **BRANDI MAHAMADOU,** | : | |
| | : | |
| **Defendant.** | : | |

**REPORT AND RECOMMENDATION**

**I.    Statement of Facts and of the Case**

The plaintiff, Tuere Barnes, is a federal inmate, who has been housed at federal prisoners in West Virginia and Connecticut. (Docs. 1 and 10.) The defendant, Brandi Mahamadou, is the sister of Barnes' former cellmate, and resides within the Middle District of Pennsylvania.

Barnes' *pro se* complaints recite that Barnes is an aspiring novelist who has written a 409 page manuscript entitled "Street Glory" which he hopes to publish and turn into a screenplay and movie. (Id., ¶37.)  Through his cellmate, Barnes became acquainted with the defendant, Mahamadou, whom he befriended and enlisted to help him publish his manuscript.  (Id.)   While Barnes' complaint recites that his

relationship with Mahamadou encountered many emotional ebbs and flows, Barnes reports that Mahamadou agreed to market his manuscript but was unable to successfully publish "Street Glory." (Id.)  Therefore, Barnes instructed Mahamadou to return the manuscript to him. (Id.)

The well-pleaded facts in Barnes' complaints indicate that Mahamadou agreed to comply with this request and mailed the manuscript back to Barnes, but alleges that prison officials declined to deliver this 409 page opus to Barnes, and instead returned the package to Mahamadou who attempted to re-mail the materials to Barnes. (Id.) Indeed, Barnes attaches to his complaint prison documentation relating to the receipt and mailing of this manuscript. (Id.)  According to the complaint, in the course of these mailings some or all of the manuscript may have been lost, and Barnes still has not received the manuscript mailed to him by Mahamadou. (Id.)  Thus, Barnes alleges that he entrusted the manuscript to Mahamdou, who agreed to market or return the work but has now negligently lost this work. (Id.)

Service of Barnes' complaint was made on the defendant, Mahamadou, on October 24, 2014, (Doc. 18.), but Mahamadou did not respond to the complaint in any fashion.  After several months' delay we then directed Barnes to show cause why this action should not be dismissed for failure to prosecute. (Doc. 20.)  Barnes responded to this order with alacrity, filing motions for the entry of default judgment, (Docs. 21

and 23.) as well as a motion for final remedies, which was in the nature of a motion to execute upon a judgment. (Doc. 25.) We know that Mahamadou was served with copies of these pleadings because she called the clerk and was advised of her need to respond to this lawsuit. Despite that advice, Mahamadou has not acted in this case, and the time for action has passed.

On these facts, we recommend that default be entered against Mahamadou, Barnes be instructed to file a motion pursuant to Rule 55 seeking to liquidate these damages, and this matter be remanded to the undersigned for further proceedings. We also recommend that Mahamadou be provided with a copy of this Report and Recommendation, and that Mahamadou's last known address, as reflected in Doc. 18, be added to the docket of this case.

## II. Discussion

Default judgments are governed by Rule 55 of the Federal Rules of Civil Procedure. Under Rule 55 a default judgment may only be entered when the party against whom the default judgment is sought was served and "has failed to plead or otherwise respond." Rule 55(a), F.R.Civ.P. Furthermore, in ruling upon requests relating to default judgments it is well-settled that these decisions are:

> [L]eft primarily to the discretion of the district court. Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 244 (3d Cir.1951). We recognize, however, that this court does not favor entry of defaults or default

judgments. We require doubtful cases to be resolved in favor of the party moving to [deny or] set aside the default judgment "so that cases may be decided on their merits." Id. at 245. See also Gross v. Stereo Component Systems, Inc., 700 F.2d 120, 122 (3d Cir.1983); Feliciano v. Reliant Tooling Company, Ltd., 691 F.2d 653, 656 (3d Cir.1982); Farnese v. Bagnasco, 687 F.2d 761, 764 (3d Cir.1982). Nevertheless, we do not [deny or] set aside the entry of default and default judgment unless we determine that the district court abused its discretion. We require the district court to consider the following factors in exercising its discretion . . . : (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; (3) whether the default was the result of the defendant's culpable conduct. Gross v. Stereo Component Systems, Inc., 700 F.2d at 122; Feliciano v. Reliant Tooling Company, Ltd., 691 F.2d at 656; Farnese v. Bagnasco, 687 F.2d at 764.

United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194-95 (3d Cir. 1984)

In this case, entry of default judgment is now appropriate. Mahamadou was served five months ago in this lawsuit, but has not yet responded in any fashion to this complaint. Moreover, we know that Mahamadou is aware of the pending motions for entry of default because she called the clerk and was advised of her need to respond to this lawsuit, but has failed to respond. Therefore, we recommend that the motions for entry of default judgment, (Docs. 21 and 23.), be granted.

Barnes' motion to execute upon this default judgment, (Doc. 25.), should be denied, however, at this time as premature since Barnes has not established the amount of damages, if any, to which he is entitled. "When a plaintiff prevails by default, he or she is not automatically entitled to the damages they originally

demanded. Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir.1990). Rather, defaults are treated as admissions of the facts alleged, but a plaintiff may still be required to prove that he or she is entitled to the damages sought. Id.; DIRECTV Inc. v. Pepe, 431 F.3d 162, 165 (3d Cir.2005)." Rainey v. Diamond State Port Corp., 354 F. App'x 722, 724 (3d Cir. 2009). In performing this task, "[t]he district court has considerable latitude in determining the amount of damages. Jones v. Winnepesaukee Realty, 990 F.2d 1, 4 (1st Cir.1993). In determining the amount, the district court may conduct a hearing. Fed.R.Civ.P. 55(b)(2). The court is not required to do so, however, 'as long as it ensure[s] that there [is] a basis for the damages specified in the default judgment.' Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc., 109 F.3d 105, 111 (2d Cir.1997). 'It is familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly.' Pope v. United States, 323 U.S. 1, 12, 65 S.Ct. 16, 89 L.Ed. 3 (1944). IBEW Local Union No. 102 v. Dane Const. Co., LLC, No. 08–907, 2009 WL 872018, at *2 (D.N.J. Mar. 30, 2009)." Malik v. Hannah, 661 F. Supp. 2d 485, 493 (D.N.J. 2009). As part of this process, "the defaulting party is entitled to be heard on the amount of damages. 5

James Wm. Moore et al., Moore's Federal Practice § 55.32[1][c], [f]." <u>Tristrata Tech., Inc. v. Med. Skin Therapy Research, Inc</u>., 270 F.R.D. 161, 164 65 (D. Del. 2010).

These principles which require notice to the defaulting defendant and competent proof of the plaintiff's damages in a default action, apply with particular force in this case where the subject matter of this lawsuit–and unpublished manuscript– is property whose value is the subject of fair debate. <u>See</u> <u>Wayland v. C.I.R.</u>, 29 T.C.M. (CCH) 616 (T.C. 1970) <u>aff'd</u>, No. 7704, 1970 WL 2420 (1st Cir. Dec. 8, 1970)(finding that unpublished manuscript had not market value). Therefore, while Barnes is now entitled to a default judgment based upon Mahamadou's failure to respond to this complaint over the past five months, Barnes should be instructed to file a motion prusuant to Rule 55 seeking to liquidate these damages, and this matter should be remanded to the undersigned for further proceedings. We also recommend that Mahamadou be provided with a copy of this Report and Recommendation, and that Mahamadou's last known address, as reflected in Doc. 18, be added to the docket of this case.

### III.  <u>Recommendation</u>

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the plaintiff's motions for entry of default be GRANTED (Docs. 21 and 23.), but IT IS RECOMMENDED that the plaintiff's motion for final remedies, (Doc. 25.), be

DENIED as premature. IT IS FURTHER RECOMMENDED that Barnes be instructed to file a motion pursuant to Rule 55 seeking to liquidate these damages, describing the amount of his claimed damages and providing competent evidence in support of these damage claims, and this matter be remanded to the undersigned for further proceedings. Finally, we RECOMMEND that Mahamadou be provided with a copy of this Report and Recommendation, and that Mahamadou's last known address, as reflected in Doc. 18, be added to the docket of this case.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 6th day of April, 2015.

>   *S/Martin C. Carlson*
>   Martin C. Carlson
>   United States Magistrate Judge