IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TUERE BARNES,** | : | CIVIL ACTION NO. 1:14-CV-1437 |
| Plaintiff | : | (Chief Judge Conner) |
| v. | : | |
| **BRANDI MAHAMADOU,** | : | |
| Defendant | : | |

# **ORDER**

AND NOW, this 4th day of May, 2015, upon consideration of the report (Doc. 26) of Chief Magistrate Judge Martin C. Carlson, recommending the court grant *pro se* plaintiff's motions (Docs. 21, 23) for default judgment but deny his motion (Doc. 25) for final remedies as premature, and further recommending that plaintiff file a motion to liquidate damages pursuant to Federal Rule of Civil Procedure 55, (Doc. 26 at 3-7), and, following an independent review of the record, and it appearing that defendant neither objected to the report nor opposed the

underlying motions, and that there is no clear error on the face of the record,[1] see Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that the failure to timely object "may result in forfeiture of *de novo* review at the district court level"), it is hereby ORDERED that:

1. The report (Doc. 26) of Chief Magistrate Judge Carlson is ADOPTED.

2. Plaintiff's motions (Docs. 21, 23) for default judgment are GRANTED. Entry of judgment is DEFERRED pending resolution of plaintiff's motion (Doc. 27) to liquidate damages.  See FED. R. CIV. P. 55(b)(2)(B).

---

[1] When parties fail to timely object to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it.  See Thomas v. Arn, 474 U.S. 140, 149 (1985).  As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report."  Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987).  The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to *de novo* review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error").  The court reviews the Magistrate Judge's report in according with this Third Circuit directive.

2

3. Plaintiff's motion (Doc. 25) for final remedies is DENIED without prejudice as premature.

4. This matter is REMANDED to Chief Magistrate Judge Carlson for further proceedings.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania