# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TUERE BARNES,** | : | **CIVIL ACTION NO. 1:14-CV-1437** |
| Plaintiff | : | (Chief Judge Conner) |
| v. | : | |
| **BRANDI MAHAMADOU,** | : | |
| Defendant | : | |

## **ORDER**

AND NOW, this 1st day of September, 2015, upon consideration of the motion (Doc. 32) filed *pro se* by plaintiff Tuere Barnes ("Barnes"), styled as a motion for writ of execution and garnishment pursuant to Federal Rule of Civil Procedure 69(a)(1), and further upon consideration of the court's order and judgment (Doc. 31) granting Barnes' motion (Doc. 27) to liquidate damages in default judgment and awarding judgment in favor of Barnes and against defaulting defendant Brandi Mahamadou ("Mahamadou") in the amount of $888.00, and the court noting that, pursuant to Rule 69(a)(1), a monetary judgment must be enforced by a writ of execution, unless the court otherwise directs, see FED. R. CIV. P. 69(a)(1), that the "procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located," unless a federal statute governs, id., and that Rule 69(a) provides for discovery in aid of judgment or execution as provided in the Federal Rules of Civil Procedure or by the procedures of the state court in which the federal court is located, see FED. R. CIV. P. 69(a)(2); see also Itochu Int'l, Inc. v. Devon Robotics, Inc.,

303 F.R.D. 229, 231-32 (E.D. Pa. 2014) (observing that the "rule allows the judgment creditor . . . freedom to make a broad inquiry to discover hidden or concealed assets of the judgment debtor") (citations omitted), and it appearing that Barnes' instant motion does not identify any asset upon which judgment may be executed, (see Doc. 32), it is hereby ORDERED that:

1. The motion (Doc. 32) for writ of execution and garnishment is DENIED without prejudice to the refiling thereof consistent with the following paragraphs and the Federal Rules of Civil Procedure.

2. Within twenty one (21) days of the date of this order, Barnes shall either:

    a. File a renewed motion for writ of execution and garnishment identifying an asset upon which judgment may be executed; *or*

    b. File a notice with the court identifying a need for discovery pursuant to Federal Rule of Civil Procedure 69(a)(2).

3. Any notice filed pursuant to paragraph 2(b) shall specifically identify the proposed form of discovery and the subject(s) of the discovery requests, and shall approximate the length of time necessary to complete said discovery. Permissible discovery includes, but is not limited to, interrogatories to parties, requests for admissions, and requests for production of documents. All discovery undertaken pursuant to paragraph 2(b) shall be in accordance with the Federal Rules of Civil Procedure.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania